UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Caroline Keeble,

    Plaintiff,

v.                                          Case No. 2:17-cv-127

President Donald J. Trump, *et al.*,     Judge Michael H. Watson

    Defendants.                       Magistrate Judge Deavers

## **OPINION AND ORDER**

On February 27, 2017, Magistrate Judge Deavers, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, conducted an initial screen of Plaintiff Caroline Keeble's ("Plaintiff") complaint, ECF No. 3, and issued a Report and Recommendation (R&R) recommending that each of Plaintiff's claims be dismissed, ECF No. 4. Plaintiff objected to the R&R on March 14, 2017, ECF No. 5.

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Therefore, the Court will review the magistrate judge's recommendation in this case de novo.

Plaintiff brought this action under 42 U.S.C. § 1985(3) against a number of Defendants, including President Donald J. Trump, challenging a January 27, 2017, Executive Order 13769 ("Executive Order 1") signed by President Trump that suspended visa issuance and the United States refugee program for seven countries and their nationals. Compl. ¶ 1, ECF No. 3. The vast majority of the Complaint is legal argument or references to hardships faced by other people as a result of Executive Order 1 rather than factual allegations that would inform the Court of the alleged injury suffered by Plaintiff herself. The Court will summarize in this opinion those facts that relate to Plaintiff.

## I.   FACTUAL BACKGROUND

Plaintiff is a Muslim American citizen who was born in the United States. Compl. 3, ECF No. 3. Plaintiff alleges that, subsequent to the issuance of Executive Order 1, "an undetermined number of Muslims, including Muslims who had already been issued visas, green card holders and Christians who had been issued visas prior to the order [were] detained in US airports and prevented entry." *Id.* at ¶ 9. Plaintiff alleges that she is "the ex wife of a Muslim national who is from a predominately Muslim country with whom she has a son." *Id.* at ¶ 51. The "predominately Muslim country" in which her ex-husband lives is not one of the seven countries listed in Executive Order 1. *Id.* Plaintiff also has permanent custody of a minor niece who will be traveling to that country. *Id.*

Broadly speaking, Plaintiff alleges that she is concerned that she and her extended family may be prevented from returning to the United States if they travel abroad. *Id.* In support of this, Plaintiff states that after the enactment of Executive

Order 1, some attorneys warned against traveling to predominantly Muslim countries. *Id.* Plaintiff states that if she were not allowed to travel with the assurance that she could re-enter the United States, she would suffer a "significant financial loss." *Id.* Plaintiff states that she has been "directly affected and possibly injured" by Executive Order 1. *Id.* at ¶ 52. Finally, Plaintiff states that she and her family have suffered from "extreme anxiety and uncertainty" due to Executive Order 1. *Id.* at ¶ 53.

Plaintiff seeks both injunctive relief overturning Executive Order 1 as well as damages for psychological stress placed upon Plaintiff and her family. *Id.* at 22.

## II. ANALYSIS

As an initial matter, Plaintiff's claims for injunctive relief are moot. On March 6, 2017, President Trump issued Executive Order No. 13780 ("Executive Order 2"), which expressly revoked Executive Order 1. 82 Fed. Reg. 13209 (Mar. 6, 2017). Executive Order 2 restricted entry by foreign nationals from six listed countries for ninety days. *Id.* Subsequently, "[t]he temporary restrictions in [Executive Order 2] expired" and lower court decisions that had enjoined enforcement of Executive Order 2 were deemed moot by the Supreme Court. *Trump v. Hawai'i*, 201 L. Ed. 2d 775, 785, 138 S. Ct. 2392 (2018) (citing *Trump v. IRAP*, 138 S. Ct. 252, 199 L. Ed. 2d 203 (2017) (finding that the appeal no longer presented a live case or controversy)). Similarly here, a claim for injunctive relief based on Executive Order 1 presents no live case or controversy and is moot.[1]

---

[1] After Executive Order 2 expired, the President issued Proclamation 9645 ("Proclamation"), which "sought to improve vetting procedures" for persons entering the United States and "placed entry restrictions on the nationals of eight foreign states." *Id.*

As for Plaintiff's claims for damages, they must be dismissed because she lacks standing. "Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 408 (2013). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Id.* (internal citations and quotation marks omitted). Standing is a threshold issue such that if "a party does not have standing to bring an action . . . a court has no jurisdiction over the matter and an order of dismissal must be entered." *Greater Cincinnati Coal. for the Homeless v. City of Cincinnati*, 56 F.3d 710, 715 (6th Cir. 1995) (citation omitted). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper*, 568 U.S. at 409 (internal citations omitted). The alleged injury may not be too speculative for Article III purposes, which means the injury must be "*certainly* impending." *Id.* (citation omitted). It will not suffice to allege possible future injury. *Id.*

Plaintiff's claimed injury is simply too speculative to entitle her to Article III standing. Plaintiff is a United States citizen, and, therefore, she was never subject to the terms of the Executive Order. Furthermore, the country to which Plaintiff and her family wished to travel was not one of the seven countries listed in the Executive Order. There was no impending injury to Plaintiff at any time, but rather a

---

at 785–86. The Proclamation was challenged by the State of Hawai'i, three individuals, and the Muslim Association of Hawai'i. *Id.* at 787. After lower courts enjoined enforcement of the Proclamation, *id.* at 788, the Supreme Court reversed finding that the plaintiffs were unlikely to succeed on the merits of their claims. *Id.* at 806.

speculative concern based on what Plaintiff heard from third-party sources regarding the Executive Order. This type of hypothetical, or conjectural injury, does not suffice. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000).

In an admission of sorts that Executive Order 1 did not inflict a particularized injury on Plaintiff, she states in her Complaint that she "is not attempting to speak for those adversely affected by [Executive Order 1], yet as a US citizen she has a Constitutional interest in the Executive order and its affects [sic] on her country . . . ." Compl. ¶ 50, ECF No. 3. This type of generalized grievance is simply not enough to confer standing. While the Court is sympathetic to the fear that Plaintiff and her family may have experienced, it simply does not rise to the level of injury sufficient to confer Article III standing. Therefore, the Court **ADOPTS** the R&R, **DENIES** Plaintiff's objections, ECF No. 5, and **DISMISSES** this case.

Furthermore, the Court **CERTIFIES** that any appeal of this Opinion and Order would not be taken in good faith. Therefore, any application to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915(a)(3) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**